UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORRIS JOHNSON, #618374,

                Petitioner,

                                            CASE NO. 2:10-CV-12529

v.                                        HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

                Respondent.

_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.**      **Introduction**

Michigan prisoner Norris Johnson ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court in 2007. He was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the effectiveness of trial counsel. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth, the Court finds that Petitioner is not entitled to habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

II.    **Facts and Procedural History**

Petitioner's convictions arise from the shooting death of Wieslaw Bielski on Freer Street in Detroit, Michigan on August 25, 2006.  The Michigan Court of Appeals summarized the facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This prosecution arises from a shooting that killed Wieslaw Bielski on Freer Street in the city of Detroit. Defendant and an unarmed man approached Bielski in the street. Jose Barba testified that he witnessed defendant pointing a gun at Bielski's chest, and that within the following one to three minutes, the unarmed man warned Bielski to "go because he's got a weapon." Barba further testified that Bielski began to escape, but defendant and the unarmed man followed and he observed defendant fire two shots, one of which penetrated Bielski's chest and killed him. An assistant medical examiner examined Bielski's body, and determined that the manner of death was homicide. One gunshot entered Bielski in the middle of his chest, and exited his lower back. Later, Barba and another eyewitness, Leticia Hernandez, separately identified defendant from a photograph array.

*People v. Johnson*, No. 277812, 2008 WL 3876178, *1 (Mich. Ct. App. Aug. 21, 2008) (unpublished).  The Court further adopts the detailed summary of the trial testimony as set forth in the prosecutor's brief on appeal in the state courts, as those facts are consistent with the record.  *See* Pros. App. Brf. pp. 3-19.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising the same claims presented on habeas review.  The Michigan Court of Appeals denied relief on those claims and affirmed his convictions and sentence.  *People v. Johnson*, No. 277812, 2008 WL 3876178 (Mich. Ct. App. Aug. 21, 2008) (unpublished).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Johnson*, 483 Mich. 1107, 766 N.W.2d 832 (2009).

Petitioner thereafter filed his federal habeas petition, raising the following claims as grounds

for relief:

I.      The evidence was insufficient to support the conviction of first-degree premeditated murder and he has been denied due process of law.

II.     He is entitled to a new trial where defense counsel provided constitutionally ineffective assistance by: (1) failing to challenge unreliable and suggestive identifications; (2) failing to request a live lineup; (3) failing to move for a mistrial or a curative instruction after a witness testified that she was scared and had received threats; and (4) failing to present an alibi defense.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.    <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this case because Petitioner instituted this action after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

A state court's decision is contrary to clearly established law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535

3

U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must

4

show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and

convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

IV.  <u>**Discussion**</u>

    A.  <u>**Insufficient Evidence Claim**</u>

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence, particularly of premeditation and deliberation, to support his first-degree murder conviction.  Respondent contends that this claim lacks merit.

The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  "The *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'"  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).  A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d).  *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable.  *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  "A reviewing court does not

6

re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the killing was premeditated and deliberate. *See People v. Kelly*, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998); Mich. Comp. Laws § 750.316. Premeditation and deliberation may be established by evidence showing: "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992); *see also People v. Abraham*, 234 Mich. App. 640, 656, 599 N.W.2d 736 (1999). Some time span between the initial homicidal intent and the ultimate killing is necessary to establish premeditation and deliberation, *People v. Gonzalez*, 468 Mich. 636, 641, 664 N.W.2d 159 (2003), but the time required need only be long enough "to allow the defendant to take a second look." *Schollaert*, 194 Mich. App. at 170. An interval of a few seconds can be sufficient to create a jury question on the issue of premeditation. *People v. Tilley*, 405 Mich. 38, 45, 273 N.W.2d 471 (1979). Premeditation and deliberation may be inferred from the type of weapon used and the location of the wounds inflicted. *People v. Berry*, 198 Mich. App. 123, 128, 497 N.W.2d 202 (1993). Use of a lethal weapon supports an inference of an intent to kill. *People v. Turner*, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *see People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the

7

defendant's intent or state of mind.  *See People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31

(1997); *see also People v. Nowack*, 462 Mich. 392, 402–03, 614 N.W.2d 78 (2000).

Applying the *Jackson* standard, the Michigan Court of Appeals ruled that the prosecution

presented sufficient evidence to establish that Petitioner acted with premeditation and deliberation

in killing the victim.  The court explained in relevant part:

> Defendant's pursuit of Bielski, following the unarmed man's initial warning, is
> credible evidence that defendant had time to take a second look. *Abraham, supra*
> at 656, 599 N.W.2d 736. In addition, a defendant's evasive conduct following a
> murder, supports an inference of premeditation and deliberation. *People v.
> Haywood*, 209 Mich. App. 217, 230, 530 N.W.2d 497 (1995). Another witness saw
> teenagers, similar in height to defendant and the unarmed man, rushing across
> Michigan Avenue after the shooting. Defendant's quick exit from the scene,
> following Bielski's murder, is consistent with premeditation. Consequently, we
> conclude that the evidence was sufficient for a rational jury to conclude that
> defendant killed Bielski, with premeditation and deliberation.

*Johnson*, 2008 WL 3876178 at *1.

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.  Both Jose Barba and Leticia Hernandez

identified Petitioner as the shooter.  Petitioner's intent to kill, including premeditation and

deliberation, was established by his use of a deadly weapon, the shooting of the victim in the chest,

and the fact that he shot the victim after the other man warned the victim and the victim initially

walked away, as well as his flight from the scene.  Petitioner had time to consider his actions and

take a "second look" before shooting the victim.  The trial testimony provided ample evidence that

Petitioner committed the crime and that he acted with premeditation and deliberation so as to

support his first-degree murder conviction.

Petitioner challenges the inferences and credibility determinations made by the jury at trial.

However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary

conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969–70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict was reasonable, as was the Michigan Court of Appeals' decision affirming that verdict. The trial testimony, viewed in a light most favorable to the prosecution, established beyond a reasonable doubt that Petitioner caused the victim's death and that he possessed the requisite intent for first-degree murder. More importantly, for purposes of habeas review, this Court cannot say that the Michigan Court of Appeals' ruling to that effect was unreasonable. Habeas relief is not warranted on this claim.

### B.    Ineffective Assistance of Counsel Claims

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to challenge unreliable and suggestive identifications, failing to request a live lineup, failing to move for a mistrial or a curative instruction after Leticia Hernandez testified that she was scared and had been threatened, and failing to present an alibi defense. Respondent contends that these claims lack merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so

9

serious that they deprived the petitioner of a fair trial or appeal.  *Id*.  As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  *Id*. at 690.  A reviewing court's scrutiny of counsel's performance is highly deferential and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 689-90.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.  *Id*. at 689.  To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id*.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.  *Id*. at 788.

Petitioner first asserts that trial counsel was ineffective for failing to seek suppression of Jose Barba's and Leticia Hernandez's pre-trial and trial identifications of him as the shooter.  The Michigan Court of Appeals denied relief on this claim, finding that any motion to suppress would have been futile because the pre-trial photographic arrays were proper and the in-court

10

identifications had an independent basis, such that counsel was not ineffective. *See Johnson*, 2008 WL 3876178 at *2-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. A conviction based on identification testimony following a pre-trial identification violates due process when the pre-trial identification procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384 (1968). If a witness is shown an unduly suggestive photographic lineup, the witness's in-court identification must be suppressed unless the identification has an independent origin untainted by the suggestive lineup. *See United States v. Wade,* 388 U.S. 218, 241 (1967).

The United States Court of Appeals for the Sixth Circuit follows a two-step analysis in determining whether an identification is admissible. *See United States v. Crozier,* 259 F.3d 503, 510 (6th Cir. 2001) (*citing Ledbetter v. Edwards,* 35 F.3d 1062, 1070 (6th Cir. 1994)). A court must first determine whether the identification procedure was suggestive. *Id.* If the court finds that the procedure was suggestive, then it must determine whether, under the totality of the circumstances, the identification was nonetheless reliable and therefore admissible. *Id.* To determine reliability, the court weighs five factors: "(1) the opportunity of the witness to view the perpetrator during the crime; (2) the witness's degree of attention to the perpetrator; (3) the accuracy of the witness's prior descriptions of the perpetrator; (4) the level of certainty demonstrated by the witness when identifying the suspect; and (5) the length of time between the crime and the identification." *Id.* (citing *Neil v. Biggers*, 409 U.S. 188, 199 200 (1972)). "'Against these factors is to be weighed the corrupting effect of the suggestive identification itself.'" *Id.*

11

(quoting *Manson v. Brathwaite,* 432 U.S. 98, 114 (1977)); *see also Carter v. Bell,* 218 F.3d 581, 605 (6th Cir. 2000).

In this case, Petitioner has failed to show that the photographic array was improper.  First, there is no federal constitutional right to counsel at a photographic array, *see United States v. Ash,* 413 U.S. 300, 321 (1973); *Van v. Jones*, 475 F.3d 292, 311 (6th Cir. 2007), and the Michigan Court of Appeals determined that any right to counsel under state law, *see People v. Hickman*, 470 Mich. 602, 684 N.W.2d 267 (2004), had not attached because the array occurred before adversarial proceedings had begun.  That factual determination is presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1), and Petitioner has not rebutted the presumption.  Second, Petitioner has not alleged facts or presented evidence to support his claim that the array was unduly suggestive.  It is well-settled that conclusory allegations are insufficient to warrant federal habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings).

Furthermore, the record indicates that there was an independent basis for the witnesses' in-court identifications – their recollections of the incident.  Although the shooting occurred at night, the area was illuminated by a street lamp.  The encounter lasted for one to three minutes.  Jose Barba testified that he and Leticia Hernandez were approximately 20 feet from the location where the victim first came into contact with Petitioner and the unarmed man.  Barba further testified that he paid close attention to Petitioner because he had a gun in his hand.  There is no indication that the witnesses' perception of events was impaired.  Additionally, the witnesses were able to provide

a description of the shooter, which led to a composite resembling Petitioner, and they identified him in the photographic arrays within weeks of the shooting. The witnesses also remained consistent in their identifications – they never failed to identify Petitioner or identified anyone else as the shooter. Their identifications were thus reliable and had an independent basis.

Given that the pre-trial identification procedures were not unduly suggestive and there was an independent basis for Barba's and Hernandez's in-court identifications, any motion to suppress those identifications would have been futile. Counsel cannot be deemed ineffective for failing to make a futile or meritless motion. *See United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Additionally, the record demonstrates that trial counsel extensively cross-examined both witnesses about their respective abilities to identify Petitioner. The decision to attack the credibility of the witnesses' identifications of Petitioner through cross-examination, rather than to object to the pre-trial or in-court identifications, was a reasonable trial strategy which defeats Petitioner's claim. *See, e.g., Killebrew v. Endicott*, 992 F.2d 660, 665 (7th Cir. 1993). Petitioner has failed to establish that counsel was ineffective.

Petitioner relatedly asserts that trial counsel was ineffective for failing to request a live lineup. The Michigan Court of Appeals denied relief on this claim, finding that Petitioner was not entitled to a lineup, that there was no reasonable likelihood that Barba and Hernandez mistakenly identified him, and that counsel may have reasonably chosen to forego a live lineup and challenge the witnesses' identifications at trial. *See Johnson*, 2008 WL 3876178 at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. A criminal defendant has no federal constitutional right to a corporeal lineup. *See Payne v. Smith,* 207 F. Supp. 2d 627, 645 (E.D. Mich. 2002) (citing cases);

13

*see also Morris v. Giurbino*, 162 F. App'x 769, 771 (9th Cir. 2006) ("The United States Supreme Court has never held that a criminal defendant has a constitutional right to a pretrial lineup"). While counsel could have requested a lineup under state law, given the witnesses' identification of Petitioner from the photographic arrays, counsel may have reasonably determined that a live lineup would not be beneficial and/or could be detrimental to the defense. With a live lineup came the risk of an additional pre-trial identification of Petitioner as the shooter. Additionally, at a minimum, the live lineup would have exposed Petitioner to the witnesses again, possibly increasing the chance of identification at trial. Counsel's decision not to seek a live lineup was reasonable. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Petitioner has failed to establish that counsel was ineffective.

Petitioner also asserts that trial counsel was ineffective for failing to move for a mistrial or request a cautionary instruction when Leticia Hernandez testified that she was scared and had been threatened. The Michigan Court of Appeals denied relief on this claim, finding that any objection would have been futile because the testimony was properly admitted to explain Hernandez's reluctance to testify at trial and finding that any failure to request a cautionary instruction did not prejudice Petitioner. *See Johnson*, 2008 WL 3876178 at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Because the threat evidence was admissible under state law as determined by the state court, counsel cannot be ineffective for failing to object to its admission. *See Steverson*, 230 F.3d at 225 (counsel cannot be deficient for failing to make a futile or meritless

14

objection).  Furthermore, threats to a witness are relevant to assess credibility under federal law. *See United States v. Pierson*, 121 F.3d 560, 563 (9th Cir. 1997); *see also Burton v. Renico*, 391 F.3d 764, 775 (6th Cir. 2004) (admission of witness threats did not violate due process where they were used to explain why witness did not report conduct to police); *Sadler v. Jabe,* 96 F.3d 1448, 1996 WL 506375, *1 (6th Cir. 1996) (testimony that defendant's father threatened witness was relevant to witness's credibility and was properly admitted to rehabilitate her when her motive to testify was questioned).  When evidence of a threat is necessary to impeach or rehabilitate a witness's credibility, and there is no indication that its use is pretextual, it may be admissible despite its potential for prejudice.  *See Gomez v. Ahitow*, 29 F.3d 1128, 1139 (7th Cir. 1994).  In this case,  Leticia Hernandez's reluctance to testify and credibility was at issue during the trial.  The state court properly determined that the threat evidence was relevant and admissible, such that counsel was not ineffective for failing to object to its admission.

Additionally, even assuming that trial counsel erred in failing to request a cautionary instruction, Petitioner has not shown that he was prejudiced by counsel's conduct.  Hernandez's testimony about the threat was not specific, and the threat was neither attributed to Petitioner nor offered to show consciousness of guilt.  Given such circumstances, as well as the identifications of Petitioner as the shooter, it cannot be said that the defense was prejudiced by the lack of a cautionary instruction.  Petitioner has not established that counsel was ineffective.

Petitioner next asserts that trial counsel was ineffective for failing to present additional witnesses in support of his alibi defense at trial.  The Michigan Court of Appeals denied relief on this claim find that counsel's decision to call Nathaniel Borck to support Petitioner's defense that

15

he was at a barbeque at the time of the shooting was reasonable trial strategy. *See Johnson*, 2008 WL 3876178 at *6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Well-established federal law requires that defense counsel conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *See Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d 251 at 258. "A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." *Id*. (quoting *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991)); *see also Wiggins*, 539 U.S. at 526. That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

The record reveals that trial counsel conducted an investigation into Petitioner's alibi defense given that he presented an alibi witness at trial. Petitioner has not shown that further investigation would have changed counsel's trial strategy or otherwise benefitted his defense. As the Supreme Court has recently stated, "[t]here comes a point where a defense attorney will

16

reasonably decide that another strategy is in order, thus making particular investigations unnecessary .... Those decisions are due a heavy measure of deference." *Cullen*, 131 S. Ct. at 1407 (reversing grant of habeas relief on ineffective assistance of counsel claim) (citations omitted). Although Petitioner asserts that counsel should have presented additional witnesses in support of his defense, he has not presented any affidavits or other evidence in support of this claim. As such, his claims concerning such testimony are purely conclusory. As noted, conclusory allegations, without evidentiary support, do not provide a basis for habeas relief, *see Cross*, 238 F. App'x at 39-40; *Workman*, 160 F.3d at 287, or an evidentiary hearing on habeas review. *See Washington*, 455 F.3d at 733. Petitioner has failed to show that he was deprived of a substantial defense or that counsel was otherwise ineffective.

Lastly, Petitioner asserts that he is entitled to relief due to the cumulative effect of trial counsel's alleged errors. Given the Court's determination that counsel did not err and/or that any error did not prejudice the defense, Petitioner cannot establish that he is entitled to relief on such a basis. Petitioner has failed to establish that trial counsel was ineffective or, more pointedly for purposes of habeas review, that the Michigan Court of Appeals' decision denying relief on these claims is unreasonable. Habeas relief is not warranted.

**V.    <u>Conclusion</u>**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if

the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim

debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this

standard by demonstrating that . . . jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A

court may not conduct a full merits review, but must limit its examination to a threshold inquiry

into the underlying merits. *Id*. at 336-37. Having considered the matter, the Court concludes that

Petitioner has not made a substantial showing of the denial of a constitutional rights as to his habeas

claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES**

Petitioner leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith.

*See* Fed. R. App. P. 24(a).

      **IT IS SO ORDERED**.


               s/Gerald E. Rosen
               Chief Judge, United States District Court

Dated:  June 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2012, by electronic mail and upon Norris Johnson, #618374, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, Michigan 48623 by ordinary mail.

               s/Ruth A. Gunther
               Case Manager